### PEOPLE v. WHITING.

(Supreme Court, Special Term, Erie County. January, 1911.)

1. INDICTMENT AND INFORMATION (§ 151*)—DEMURRER—ALLOWANCE—ORDER—EFFECT.

Under Code Cr. Proc. § 326, requiring the court to give judgment on demurrer to an indictment, either allowing or disallowing it, and that an order to that effect must be entered on the minutes, an order entered allowing a demurrer disposes of the indictment, and no order is required on a motion to dismiss the same.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 498; Dec. Dig. § 151.*]

2. INDICTMENT AND INFORMATION (§ 151*)—DEMURRER—ORDER SUSTAINING—RESUBMISSION TO GRAND JURY.

Under Code Cr. Proc. §§ 317–319, 326, 327, 329, authorizing the court allowing a demurrer to an indictment to direct resubmission to another

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

grand jury, etc., the court directing the resubmission of a charge after allowing a demurrer to an indictment may modify its order by changing the time for resubmission.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 498; Dec. Dig. § 151.*]

Herbert M. Whiting was indicted, a demurrer to the indictment was sustained, and the court directed a resubmission to another grand jury, in Orleans county. Motion to vacate an order modifying the order directing the resubmission, and for an order setting aside the indictment, and for an order refunding to accused the cash bail, was made at Special Term in Erie county. Denied in part. Granted in part.

See, also, 68 Misc. Rep. 306, 123 N. Y. Supp. 769.

John C. Knickerbocker, Dist. Atty., for the People.
Hoskins & McGrew, for defendant.

EMERY, J. On the 29th day of April, 1910, the defendant was brought before a justice of the peace in Orleans county on a warrant charging the defendant with having violated section 924 of the penal law (Consol. Laws, c. 40). The defendant waived examination, deposited the sum of $200 in cash with the county treasurer of Orleans county as bail, and elected to be held for the grand jury to answer any indictment which might be found against him. On the 9th day of June, 1910, the defendant was indicted in that county, and charged in the indictment with having violated section 440 of the penal law. On the 13th day of the same month the defendant interposed a demurrer to the indictment, and on the 23d day of June the court sustained the demurrer to the indictment, and directed that the case be resubmitted to the grand jury next to be convened in the county of Orleans. The next grand jury was convened in that county on the 14th day of November, 1910, and during the term of court which commenced on the 14th day of November the district attorney procured an order from the court modifying the former order granted at the June term in so far as it allowed the presentation of the case to the grand jury next to be conveyed in the county of Orleans after the November term. The next grand jury will be convened in that county on the 13th ·day of February, 1911, and this motion is made on the part of the defendant for an order vacating and setting aside the order granted at the November term which modified the former order, for an order vacating and setting aside the indictment found against the defendant at the June term, and for an order refunding to the defendant the $200 deposited with the county treasurer as cash bail.

It was conceded on the argument that the charge was not presented to the grand jury at the November term, and that no order was made in the matter by the court at that term except the order modifying the order made in June, and the counsel for the defendant urges that by virtue of sections 326, 329, 318, 319, and 317 of the Code of Criminal Procedure the defendant is entitled to the order prayed for in his moving papers. Section 326 provides that the court must give judg-

ment upon the demurrer, either allowing or disallowing it; and that an order to that effect must be entered upon the minutes. Section 329 provides that, if the court directs that the case be submitted anew, the same proceedings must be had thereon as are prescribed in sections 318 and 319 of the Code. Section 318 provides that, if the court direct the case resubmitted, the defendant, if in custody must so remain, unless he be admitted to bail, or, if money deposited as bail, the same is answerable for the appearance of defendant to answer a new indictment. Section 319 provides that, unless a new indictment be found before the next grand jury of the county is discharged, the court must, on the discharge of such grand jury, make the order prescribed by section 317. Section 317 provides that the court must order that the defendant, if in custody, be discharged therefrom, or, if he have deposited money instead of bail, that the money be refunded to him, unless the court direct that the case be resubmitted to the same or another grand jury. Section 327 provides that, if the demurrer be allowed, the judgment is final upon the indictment demurred to, and is a bar to another prosecution for the same offense, unless the "court * * * direct the case to be resubmitted to the same or another grand jury." These sections are framed as a guard against a party being indefinitely retained in custody, or that his bail should be required for an indefinite period when no action is being taken to submit the charge to a grand jury; but no mention is made in any section about discharging a defendant when not in custody, or dismissing the charge after an order has once been made for a resubmission. They do not deprive the court of authority, but extend the right to the court to direct a resubmission when proper.

If the defendant's contention is correct, all the defendant would have to do to shield himself from indictment after a demurrer had been sustained and resubmission directed would be to have the witnesses for the people outside the jurisdiction of the court during the term when resubmission was to take place, and then, no matter how serious the charge, the court would be required to discharge him; be powerless to modify or extend the provisions of the former order. In this case the demurrer was allowed, and, that being entered upon the minutes as provided by section 326, the indictment was disposed of, and no order is required on this motion to dismiss the same. If the court, upon sustaining the demurrer, had failed to direct that the case be resubmitted, then no further prosecution could be had; but, the court having made direction for resubmission as provided by section 327, the court thereafter had the right to modify its own order by changing the time for resubmission.

The district attorney contends that the most that the defendant could claim to be entitled to when the grand jury was discharged at the November term was an order refunding his money to him, and consents that such an order be now made.

Motion denied, except an order may be entered directing that the $200 deposited by defendant as bail be refunded to him.